IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CARLINE MERISIER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:19-cv-2911-X-BN |
| | § | |
| JOHNSON COUNTY, TEXAS, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Carline Merisier brings this *pro se* civil rights action, alleging that on two separate, unrelated occasions – the first in 2015 in Denton County, Texas, and the second in 2019 in Johnson, County, Texas – Merisier was falsely arrested and falsely imprisoned. *See* Dkt. No. 3. Merisier's case has been referred to the undersigned United States magistrate judge under 28 U.S.C. § 636(b) and a standing order of reference from United States District Brantley Starr.

Venue in a civil rights action is governed by 28 U.S.C. § 1391(b). *See Davis v. La. State Univ.*, 876 F.2d 412, 413 (5th Cir. 1989). This statute provides that venue is proper in the judicial district: (1) where the defendant resides; (2) where a substantial part of the events or omissions giving rise to the claim occurred; or (3) if there is no district where the action may otherwise be brought, in any judicial district in which any defendant is subject to personal jurisdiction. *See* 28 U.S.C. § 1391(b).

A district court may raise the issue of venue *sua sponte*. *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989); *see also Empty Barge Lines II, Inc.*

*v. DREDGE LEONARD FISHER*, 441 F. Supp. 2d 786, 789 (E.D. Tex. 2006) (collecting cases). And, "[w]hen venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b). If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under [28 U.S.C.] § 1406(a)." *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 56 (2013).

Under Section 1392(b), venue is arguably proper in this district as to some of Merisier's claims – those related to events that occurred in Johnson County, implicating Defendants Johnson County, Texas; Zachary Jones; Jeffrey Acklen; Bill Moore; and Stu Madison. But venue is not proper in this district as to those claims related to an allegedly false arrest and false imprisonment in Denton County, Texas (and any other related claims), implicating Defendants Nebraska Furniture Mart ("NFM") and Casey McGregor.

This misjoinder of defendants, which the Court may also raise *sua sponte*,[1] implicates Federal Rule of Civil Procedure 21, which "establishes that, 'On motion or on its own, the court may at any time, on just terms, add or drop a party.' FED R. CIV. P. 21. Since Rule 21 does not provide any standards by which district courts can determine if parties are misjoined, courts have looked to Rule 20 for guidance." *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010) (per curiam)

---

[1] *See, e.g., Patterson v. 422nd Dist. Court of Kaufman Cnty.*, No. 3:05-cv-199-K, 2005 WL 544207, at *1 (N.D. Tex. Mar. 7, 2005); *see also Floeter v. City of Orlando*, No. 6:05-cv-400-Orl-22-KRS, 2005 WL 815991, at *1 (M.D. Fla. May 31, 2005) (collecting cases).

(citing *Pan Am. World Airways, Inc. v. U.S. Dist. Court for Ctr. Dist. of Cal.*, 523 F.2d 1073, 1079 (9th Cir. 1975)). And,

> [a]lthough Rule 20 relates to the joinder of a party, the analysis of Rule 20 is also useful when considering whether to "drop a party" from a case or not. Under Rule 20, courts use a two-prong test, allowing joinder of a plaintiff when "(1) their claims arise out of the 'same transaction, occurrence, or series of transactions or occurrences' and when (2) there is at least one common question of law or fact linking all claims."

*Ochoa v. P.A.M. Transp., Inc.*, No. SA-17-CV-787-XR, 2018 WL 7297889, at *1 (W.D. Tex. Aug. 15, 2018) (quoting *Acevedo*, 600 F.3d at 521).

Under this test, the two defendants associated with the alleged Denton County occurrences – NFM and McGregor – should be severed from this action. And, for the reasons set out above, venue in this district as to those claims is not proper.

As such, as to the claims against NFM and McGregor, Section 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." And it

> allows a transfer where the first forum chosen is improper due to the existence of some obstacle to adjudication on the merits. [*Dubin v. United States*, 380 F.2d 813, 816 (5th Cir. 1967).] The statute specifically refers to "laying venue in the wrong division or district," but a transfer can be made due to the absence of personal jurisdiction in a district where venue is otherwise proper. *See Bentz v. Recile*, 778 F.2d 1026, 1028 (5th Cir. 1985).... [A] division or district may be "wrong" under Section 1406(a) when the original court lacks personal jurisdiction. *Id.*

*Herman v. Cataphora, Inc.*, 730 F.3d 460, 466 (5th Cir. 2013); *see also Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962) ("The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing

his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not.").

"The district court has broad discretion in determining whether to dismiss or transfer a case in the interest of justice under § 1406(a)." *LSF4 Loan Invs. I, LLC v. Weingart*, No. 3:06-cv-419-M, 2006 WL 2370803, at *3 (N.D. Tex. Aug. 15, 2006); *see also Carter v. H2R Restaurant Holdings, LLC*, No. 3:16-cv-1554-N-BN, 2016 WL 4507459, at *4 (N.D. Tex. July 15, 2016) ("[C]ourts have consistently understood that they have broad discretion in deciding whether to transfer or dismiss a case based on improper venue." (collecting cases)), *rec. accepted*, 2016 WL 4494370 (N.D. Tex. Aug. 26, 2016).

Here, considering among other things that the severed litigation against NFM and McGregor will require a separate filing fee, the Court should apply its broad discretion to dismiss the claims against them without prejudice to Merisier's re-filing those claims where venue is proper, most likely in the Sherman Division of the Eastern District of Texas, in which Denton County lies. *See* 28 U.S.C. § 124(c)(3).

## Recommendation

The Court should sever the claims against Defendants Nebraska Furniture Mart and Casey McGregor and dismiss those claims without prejudice under 28 U.S.C. § 1406(a).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within

14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 11, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE