IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CARLINE MERISIER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:19-cv-2911-X-BN |
| | § | |
| JOHNSON COUNTY, TEXAS, ET AL., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER ON MOTIONS FOR LEAVE**

Through an amended complaint filed December 19, 2019, Plaintiff Carline Merisier, proceeding *pro se*, alleges a series of claims stemming from at least two arrests years apart. *See* Dkt. No. 5. Merisier's case has been referred to the undersigned United States magistrate judge under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Brantley Starr.

On May 1, 2020, Defendants Johnson County, Texas; Bill Moore; Stuart Madison; and Jeffrey Acklen (the "Johnson County Defendants") moved to dismiss Merisier's claims against them under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), asserting that she lacks standing and that she has failed to state a claim upon which relief can be granted. *See* Dkt. No. 20.

Merisier now moves for leave to extend the deadline to amend her complaint as a matter of course in response to the Johnson County Defendants' motion to dismiss, the deadline to do so she contends is May 22, 2020 – 21 days after the filing of the motion to dismiss. *See* Dkt. No. 32; *see, e.g., id.*, ¶ 5 ("Having reviewed

Defendants' motion to dismiss and acquired discoveries, Plaintiff has decided to amend the operative complaint **_as of right_**." (citing FED. R. CIV. P. 15(a)(1)(B))).

Federal Rule of Civil Procedure 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course within (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), *whichever is earlier.*" *Id.* (emphasis added).

Merisier already exercised her right to timely amend her complaint "once as a matter of course," when she filed her amended complaint on December 19, 2019, *see* Dkt. No. 5, within 21 days of her filing the initial complaint, on December 10, 2019, *see* Dkt. No. 3. And the Johnson County Defendants' filing a motion to dismiss the amended complaint does not revive Merisier's right to amend her complaint "once as a matter of course."

"Once means once." *Logue v. Patient First Corp.,* 246 F. Supp. 3d 1124, 1127 (D. Md. 2017); *see id.* at 1126-27 ("Under Plaintiffs' preferred interpretation, in a multi-defendant case such as this, any time any defendant were to file either an answer or a Rule 12 motion to dismiss, Plaintiffs would have a new opportunity to amend their pleading 'once as a matter of course.' The Court emphasizes the last phrase of Rule 15(a)(1)(B): '*whichever is earlier.*' The singular nature of that phrase reinforces the leading phrase, "A party may amend its pleading once as a matter of course …," to mean *only one* opportunity is afforded by Rule 15 to amend any pleading as a matter of course. … Here, SurgCenter of Bel Air filed its answer on January 4,

2017. Within 21 days, on January 11, 2017, Plaintiff Matthew Logue (then, the only Plaintiff in the case) filed his amended complaint, which, as previously noted, only corrected the name of one of the Defendants. That filing constituted the one and only amendment to the complaint as a matter of course under Rule 15(a)(1)(B)." (citations omitted)).

The Court therefore DENIES the motion for leave to extend the deadline to file a second amended complaint as of course [Dkt. No. 32].

Merisier, who paid the fee to file this action, also moves for leave to extend the deadline to effect service on Defendant Zachary T. Jones. *See* Dkt. No. 33.

Jones was named as a defendant in the initial complaint filed on December 10, 2019. *See* Dkt. No. 3, ¶ 11. As such, under Federal Rule of Civil Procedure 4(m), Merisier's deadline to effect service on Jones was 90 days later – March 9, 2020.

Merisier represents that she has "diligently" attempted to serve Jones. *E.g.,* Dkt. No. 33 at 3 ("Following the filing of this action, Plaintiff perfected service on most of the named Defendants and has neither repeatedly failed to cure any service defects nor been laxed in serving them. Plaintiff has attempted – diligently so – to serve Defendant Jones. However, Plaintiff has been unsuccessful due to the reasons laid out [previously]); *see also id.*, ¶¶ 1-8 & Ex. A.

But Merisier waited until February 25, 2020 to obtain summonses. *See id.*, ¶ 2; Dkt. No. 8. And, once she had trouble serving Jones, she waited until March 10 – after the 90-day deadline – to retain a constable to effect services on Jones. *See* Dkt. 33, ¶ 3. Since then, however, her motion and the attached affidavit of attempted

personal service from the assigned constable show that, particularly given her *pro se* status, Merisier has established (1) good cause for the failure to timely and properly effect service on Jones and (2) good cause for the Court to extend the time to effect service on Jones, especially considering the exigencies caused by the COVID-19 pandemic. *See, e.g., id.*, ¶¶ 4 & 5 ("Plaintiff continually kept in contact with the constable office to ensure Defendant Jones was timely served. Unfortunately, sometime in March, upon contacting the constable, Plaintiff was informed that the constable office was no longer processing services of summons and complaints due to the COVID-19 pandemic. The constable's office recently resumed its process serving services. And as evidenced by the attached affidavit from Chief Deputy Constable Jerry Robinson … , service was attempted on Defendant Jones three times this month alone, but to no avail." (citation omitted)).

The Court therefore GRANTS the motion for leave to extend the time to effect service on Defendant Zachary T. Jones [Dkt. No. 33] to the extent that the Court EXTENDS that deadline to **June 25, 2020**.

SO ORDERED.

DATED: May 26, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE